UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERNICE SEAN ROBINSON, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | CIVIL NO. 3:CV-06-1821 |
| : | |
| COMMONWEALTH OF PENNSYLVANIA, : | (Judge Kosik) |
| et al., : | |
| : | |
| Defendants | |

**Memorandum and Order**

**Background**

Vernice Sean Robinson is an inmate currently confined at the United States Penitentiary at Beaumont, Texas. He filed this action on September 18, 2006, pursuant to 42 U.S.C. § 1983. In his complaint he names as defendants the Commonwealth of Pennsylvania and the Pennsylvania Board of Probation and Parole ("the Board"). He challenges the Board's actions in refusing to remove a detainer placed upon him thereby tolling his maximum sentence and denying him from maximum release eligibility. For the reasons that follow, the complaint will be dismissed without prejudice to Plaintiff to pursue habeas corpus relief.

**Discussion**

Plaintiff states that he was sentenced to a term of imprisonment in state prison with a maximum sentence to expire on August 7, 2001. On April 11, 2001, the Pennsylvania Board of Probation and Parole placed a detainer warrant on him. According to Plaintiff, the Board refuses to remove the detainer despite Plaintiff's contentions that it is violation of the Due Process clause and the Ex Post Facto clause of the United States Constitution. He contends that the effect of the

Board's refusal to remove the detainer is the tolling of his maximum sentence thereby preventing him from completing his sentence.

Plaintiff argues that he does not challenge the fact or duration of his imposed confinement or seek the shortening of his term of confinement. However, granting the relief he seeks certainly would impact the length of his confinement. It is well-settled that a habeas corpus petition is the proper mechanism brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 990 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). While Plaintiff may not be challenging his underlying criminal conviction and the sentence as imposed, the declaratory relief he seeks does necessarily impact the execution of his sentence in terms of the duration of his confinement. Accordingly, the complaint will be dismissed without prejudice to any right Plaintiff may have to pursue his claims in a properly filed habeas corpus petition.

**NOW, THIS 30th DAY OF OCTOBER, 2006, IT IS HEREBY ORDERED THAT:**

1. The complaint is dismissed without prejudice.

2. Plaintiff, if he so chooses, may reassert his claims in a properly filed habeas corpus action.

3. The Clerk of Court is directed to close this case.

                                                   s/Edwin M. Kosik
                                                   United States District Judge